UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KILBY DEE WILLIAMS,<br><br>                    Petitioner,<br><br>vs.<br><br>TEREMA CARLIN,<br><br>                    Respondent. | Case No. 1:24-cv-00216-AKB<br><br>**INITIAL REVIEW ORDER** |

Petitioner Kilby Dee Williams (Petitioner) filed a Petition for Writ of Habeas Corpus, challenging his state court conviction. (Dkt. 1). Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court must review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that Petitioner may proceed.

**INITIAL REVIEW ORDER - 1**

**REVIEW OF PETITION**

1. **Background**

In a criminal case in the Seventh Judicial District Court in Bingham County, Idaho, Petitioner was convicted of lewd conduct with a child under age 16. On October 2, 2020, and again under a reissued judgment on July 8, 2023, Petitioner was sentenced to a term of imprisonment of twenty years fixed, with life indeterminate. He pursued a direct appeal and an Idaho Criminal Rule 35 motion/post-conviction action in state court, but ultimately received no relief in state court.

2. **Discussion**

In this action, Petitioner brings an ineffective assistance of counsel claim and a cruel and unusual punishment sentencing claim. If Petitioner did not properly exhaust his claims on federal legal grounds in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to make a determination on exhaustion. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

3. **Standards of Law**

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

    A.    *Exhaustion of State Court Remedies*

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner

prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id*. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

C. *Merits Determination*

For any properly-exhausted claim, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under § 2254(d)(1), review is limited to the record that was before the state court that adjudicated the claim on the merits, and new factual development generally is not permitted. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

If the state appellate court did not decide a properly-asserted federal claim, if the state court's factual findings are unreasonable under § 2254(d)(2), or if an adequate excuse for procedural default exists, then § 2254(d)(1) does not apply, and the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). The de novo review standard permits a district court to draw from both United States Supreme Court and circuit precedent, limited by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989). Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. In other de novo review instances, a petitioner may be permitted to bring new evidence in the federal habeas corpus proceeding if he or she shows an entitlement to do so under the law. *Murray v. Schriro*, 745 F.3d 984, 1004 (9th Cir. 2014); *see also* 28 U.S.C. § 2254(e)(2).

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 1), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Petitioner's request for appointment of counsel, contained in the Petition, is DENIED without prejudice. Should an evidentiary hearing be required, or other extraordinary circumstances exist to require appointment of counsel, the Court will reconsider its ruling.

3. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful);

or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

4. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

5. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served within **30 days** after service of the answer. Respondent has the option of filing a sur-reply within **14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

6. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served within **30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served within **14 days** thereafter.

**INITIAL REVIEW ORDER - 5**

7. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

8. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

9. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

10. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation

pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

12. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

13. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: August 7, 2024

Amanda K. Brailsford
U.S. District Court Judge